James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Conjetta R. ROBERTS, R. G. Roberts and Dessie Lang, individually and as copartners, doing business as Typing and Mailing Unlimited, Defendants.

No. 270–59.

United States District Court
S. D. California,
Central Division.

Dec. 30, 1959.

248

George E. Duemler, Attorney U. S. Department of Labor, Office of Solicitor, Los Angeles, Cal., for plaintiff.

Fagan & Levine, Los Angeles, Cal., for defendants.

BYRNE, District Judge.

Defendants are in the business of addressing, stuffing, and mailing envelopes containing printed advertising matter on behalf of different business enterprises that are defendants' customers. Defendants are charged with violation of the Fair Labor Standards Act in having failed to pay the minimum wages required by the Act, and in having failed to keep the requisite records, and this action is for injunctive relief to compel conformity with these provisions of the Act.

All of the defendants' customers were located in California. Under their contract with their customers, they addressed, stuffed, and mailed advertising matter to possible consumers of these customers' products and services. This advertising matter was mailed throughout the United States and Canada. The individuals employed to address and stuff the envelopes did this work at home.

The pretrial order stipulates three issues for determination:

1. Were the home workers engaged in the production of goods for interstate commerce?

2. Were the home workers, employed by the defendants to stuff and address envelopes, "employees" of the defendants for the purposes of the Fair Labor Standards Act?

3. Are the defendants exempt from the provisions of the Act because they are a retail or service establishment as set out in Section 13(a)(2) of the Act, 29 U.S.C.A. § 213(a) (2)?

The Court finds that defendants' business is of such a nature that it comes within the provisions of the Fair Labor Standards Act in that the home workers in question are producing goods for interstate commerce and said home workers must be considered "employees" under the Act. The critical question for decision is whether the enterprise involved is exempt from the provisions of the Fair Labor Standards Act by Section 13(a) (2) of the Act which exempts certain retail and service establishments.

Under the Act as amended in 1949, to come within the exemption of the Statute, three tests must be met. However, plaintiff takes the position that some establishments are by their nature "outside the retail concept"; that defendants' establishment is such a one, and that in that event the Court may not reach the point of applying the tests set out in § 13(a)(2), but must hold the defendants not to be entitled to the exemption whether or not they meet the enumerated criteria. We must first dispose of this contention before directing our attention to the question of whether defendants meet the exemption tests.

To support his "outside the retail concept" theory, the Secretary of Labor relies on the recent decision of the Supreme Court in Mitchell v. Kentucky Finance, 1959, 359 U.S. 290, 79 S.Ct. 756, 759, 3 L.Ed.2d 815. In that case the defendant enterprise was an agency that made small personal loans and purchased conditional sales contracts from furniture and appliance dealers. Defendant there was denied the exemption without a discussion of the applicability of the three enumerated criteria set out in the Act as amended in 1949.

■ In the light of the Kentucky Finance case, plaintiff's contention must be accepted, that there is a "retail concept", and that some establishments are not within that concept and therefore not entitled to the exemption without regard to whether or not it meets the tests of the 1949 amendment.

The Kentucky Finance case involves a credit company, and its holding is that where it has been established by pre-amendment interpretation that an industry is not retail, unless that classification was due to an application of the business use test, that industry is not now exempt. The Court stated, "enterprises in the financial field, none of which had previously been considered to qualify for the exemption regardless of the class of persons with which they dealt, and regardless of whether they were thought of in the financial industry as engaged in 'retail financing', remained unaffected by the amendment of § 13(a)(2)".

■ The pre-amendment status of letter shops or stuffing and mailing shops, unlike finance companies, does not indicate that they are not retail. The defendant not being an establishment which by its nature is "outside the retail concept", we turn to the question of whether it may be considered exempt under the Statute.

■ To come within the exemption of Section 13(a)(2), there are three tests which the defendants must meet:

1. 50% of the annual dollar volume of the sales of goods or services (or both) must be made within the state.

2. In order to be considered a retail or service establishment, 75% of the volume of sales must be not for re-sale.

3. The establishment must be recognized as a retail or service establishment within the industry.

The first two of these tests are concededly met. What is at issue here is the application of the third test that at least 75% of the sales or services by dollar volume be "recognized as retail sales or services in the particular industry".

The evidence adduced at the trial is directed at two phases of the question: (1) What is the particular industry involved, and (2) Does that industry recognize the sales as retail. The plaintiff asserts that the defendant is a part of the advertising industry, while the defendant contends that it is a "letter shop" and relies upon the case of Boisseau v. Mitchell, 218 F.2d 734, where the 5th Circuit held that a "letter shop" was "recognized" as retail in the "particular industry" with which it was found by the Court to be identified.

The Government has attempted to distinguish the Boisseau case on the grounds that the instant defendant only stuffs and mails but does not duplicate. This distinction, however, seems to cut more deeply against the Government's position since the less activity in which it engages, the less generic should be its classification. It seems inappropriate to label so narrow an activity as typing, stuffing and mailing envelopes with so broad a classification as the advertising industry. The reasoning of the Boisseau case seems to apply with equal force to the instant case as far as classifying the industry is concerned. A more narrow classification than the advertising industry is in order—either the "stuffing and mailing industry" or, perhaps better, the "letter shop industry".

Defendants mail advertising matter for their clients to prospective customers throughout the country. It is difficult to see why that should not be considered a "service" in the ordinary meaning of "work performed by one for another." That being the case, it is difficult to see, also, if there is such a thing at all as a "retail service", why the instant enterprise should not be so classified.

Do the people in the industry "recognize" the defendants' business as retail?

The plaintiff's principal witness, Professor Nicols, testified that the sales of service involved were non-retail. His testimony was directed at demonstrating in terms of economic and business theory that the defendant's conduct was non-retail, rather than demonstrating that

the conduct was "recognized" as non-retail *by the industry itself*. Professor Nicol's testimony was highly intelligent but the Statute does not direct the courts to the professorial ivory towers for a refined analysis of economic theory; rather, it directs us to the industry itself for a consideration of its own understanding of what constitutes a retail sale.

Discounting the testimony of the home worker put on the stand by the defendant, who was patently unqualified to give an expert opinion, defendants' witnesses, Mrs. Roberts; Mr. Vaughan, the president of the local letter shop owners association; and Mr. Schaller, manager of Lender's Service, are at least in, or associated with, the letter shop industry. Their testimony demonstrates a recognition in the industry that the sales are retail and that the defendant has sustained its burden of so showing. Accordingly the defendant is entitled to judgment.

Counsel for the defendant is directed to prepare, serve and lodge findings of fact, conclusions of law and judgment in accordance with local Rule 7, West's Ann. Code.