Arthur J. GOLDBERG, Secretary of Labor, United States Department of Labor, Appellant,

v.

Conjetta R. ROBERTS, R. G. Roberts and Dessie Lang, Individually and as Copartners, Doing Business as Typing and Mailing Unlimited, Appellees.

No. 16895.

United States Court of Appeals Ninth Circuit.

June 15, 1961.

Harold C. Nystrom, Acting Solicitor, Charles Donahue, Solicitor, Bessie Margolin, Asst. Solicitor, Judah Best, Atty., U. S. Dept. of Labor, Washington, D. C., Kenneth C. Robertson, Regional Atty., Dept. of Labor, San Francisco, Cal., for appellant.

W. Alan Thody, Los Angeles, Cal., for appellees.

Before BARNES and MERRILL, Circuit Judges, and SWEIGERT, District Judge.

BARNES, Circuit Judge.

Section 17 of the Fair Labor Standards Act (29 U.S.C.A. § 217) authorizes the district court to enjoin violations of the minimum wage, record keeping and shipping provisions of the Act. The Secretary of Labor brought this action, under Section 17, to obtain such injunctive relief. This court has jurisdiction over the appeal. 28 U.S.C. § 1291.

Appellees operate a "letter shop." Theirs is a service enterprise which involves the addressing, stuffing and mailing of letters for various business establishments. The court below found that appellees' business operation comes under the Fair Labor Standards Act since its employees (who do their work at home) produce goods for interstate commerce. The issue was whether appellees' business is taken out of the Act by the exemption provisions of Section 13(a) (2) (29 U.S.C.A. § 213(a) (2)). To qualify for the exemption under Section 13(a), as amended in 1949, appellees must meet three tests:

1. Fifty per cent of the annual dollar volume of sales (of goods and/or services) must be made within the state. It is conceded that this test has been met.

2. Seventy-five per cent of the sales volume must *not* be for resale. This test, concededly, has been met.

3. Seventy-five per cent of the sales must be recognized, within the industry, as retail sales. On this issue there is dispute, and the court resolved that dispute adversely to the Secretary of Labor.

The trial court recognized, however, that this determination did not dispose of the case. The Secretary of Labor contended, and the trial court agreed, that some businesses are "by their nature 'outside the retail concept.' " With respect to such businesses the court does not reach the point of applying the above

mentioned tests; even if such a business meets those tests it cannot qualify for the Section 13 exemption. This "outside the retail concept" is recognized in Mitchell v. Kentucky Finance Co., 1959, 359 U.S. 290, 79 S.Ct. 756, 3 L.Ed.2d 815. The court below, however, held that appellees' business is not outside "the retail concept." Thus appellees' business qualified for the exemption from the Fair Labor Standards Act and the court gave judgment accordingly.

There are, then, two issues before this court on appeal:

One—Is appellees' business, by nature, outside the retail concept?

Two—Are seventy-five per cent of appellees' sales recognized as retail in the letter shop industry?

### 1. The "retail concept."

The precise holding in Kentucky Finance does not control this case. The court there held only that credit companies do not qualify for the Section 13 exemption. We are dealing here with a "letter shop," and, of course, letter shops are not credit companies. But the Court in Kentucky Finance did set forth the principles which guided its determination, and those principles are applicable here. The trial court correctly summarized the controlling principle established by Kentucky Finance.

"[I]ts holding is that where it has been established by pre-amendment [i. e., pre-1949] interpretation that an industry is not retail, unless that classification was due to an application of the business use test, that industry is not now exempt." Mitchell v. Roberts, D.C.S.D.Cal.1959, 179 F.Supp. 247, 249.

 The crucial question in the case at bar, then, is the pre-1949 status of letter shops. The court below held, without explanation that the "pre-amendment [i. e., pre-1949] status of letter shops * * * does not indicate that they are not retail." (Ibid.) In this we find error. This determination does not, as appellees apparently suggest, raise a factual question to be determined by the weighing and evaluation of testimonial evidence. The characterization of appellees' business as a letter shop does involve factual considerations, but once this determination is made, as it was by the trial court, the issue is one of law: Were letter shops, by pre-1949 standards (other than the "consumer use" standard) considered to be retail businesses?

In reaching its conclusion regarding the pre-1949 status of credit companies, the Supreme Court in Kentucky Finance relied upon a ruling in the 1942 Wage and Hour Manual, p. 326, ¶¶ 29–31 (see 359 U.S. 292, n. 1, 79 S.Ct. 758).[1] The very same paragraphs of the pre-1949 rulings to which the Supreme Court referred in Kentucky Finance establish that mailing and addressing establishments are not retail businesses. These regulations were, prior to 1949, applied by a New York court to hold that a mail service enterprise comparable to appellees' was not a retail business. Hanzely v. Hooven Letters, City Ct., 44 N.Y.S.2d 398, 400. Appellees attempt to distinguish the case because in it the employee's complaint (for overtime compensation) was dismissed on the merits. It is true that the court rejected the employee's claim on the ground that the employee had failed to prove that he had not been compensated for his overtime work. But on the issue relevant here— whether a mail service establishment is outside the act—the case is directly in point, and decided favorably to appellant. It is also somewhat significant that a later case held the addressing of envelopes for mailing to be subject to the requirements of the Act, although the opinion makes no reference to a possible Section 13 exemption. Walling v. Sieving, d. b. a. Accurate Addressing Service, N.D.Ill.1946, 11 Labor Cases ¶

---

1. This ruling, the Court noted, (ibid.) has been carried over, under the amended version of Section 13, as a part of the current regulations, 29 C.F.R. 1961 Supp. § 779.10.

63,098, 5 W.H. Cases 1009 (not officially reported).

 In our opinion, then, the trial court erred in characterizing the pre-1949 status of mailing shops to be "retail." There is no indication that the pre-1949 classification of letter shops was based on the ground that such shops sell their services to businesses rather than to individuals for personal consumption. Thus the pre-1949 classification of letter shops has not been shown to be founded upon the "business use test," which Congress specifically rejected in 1949 (see Mitchell v. Kentucky Finance Co., supra at pages 293–294, 79 S.Ct. at page 758). If this view of the case is accepted, no further investigation is required. Appellees' business is subject to regulation under the Fair Labor Standards Act unless it is excepted by Section 13(a) (2), and, if by its nature appellees' business is "outside the retail concept," the Section 13 exception cannot apply.

Because of our views on this first issue, we do not reach the second.

Judgment reversed.