**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**MODERN BUILDERS, INC., a corporation, Defendant.**

**Civ. A. No. 788.**

United States District Court
M. D. Georgia,
Thomasville Division.

Feb. 16, 1968.

Joe D. Sparks, Dept. of Labor, Atlanta, Ga., for plaintiff.

Reginald J. Bell, Albany, Ga., for defendant.

ELLIOTT, District Judge:

The complaint in this case alleges violations of the minimum wage, overtime and record keeping provisions of the Fair Labor Standards Act of 1938, and seeks appropriate injunction to effect compliance on the part of Defendant. This Court has jurisdiction of the action and this opinion is intended as compliance by the Court with the requirements of Rule 52 of the Federal Rules of Civil Procedure.

A number of matters referred to in the original complaint have become moot or have been the subject of agreement between the parties with the result that the issues before the Court have been narrowed as hereafter indicated.

The only substantial matter left to be dealt with in this case is the question whether the Defendant operates *one* establishment or *two* establishments, and if there be two establishments whether one of them is entitled to the retail exemption. Stated otherwise, it is the theory of the Defendant in this case that it operates two separate and distinct establishments; that one of these establishments is engaged in the general construction business (it being conceded that the employees of this establishment are subject to the minimum wage and overtime provisions of the Act unless individually exempt); that the second es-

tablishment is a retail building materials business, and that its employees are exempt from the provisions of the Act (prior to the 1966 amendments) pursuant to Sections 3(s) (1) and 13(a) (2), the Defendant contending that the overall sales are less than $1,000,000.00 and that more than 75% of the sales of the building materials establishment were retail sales. On the other hand, the Plaintiff contends that the Section 13(a) (2) exemption for retail establishments is not applicable in the circumstances of this case for the reason that it asserts that the Defendant's business is but a single establishment which falls within the provisions of Section 3(s) (4) of the Act.

So, the issues with which we deal are:

(1) Whether the Defendant's business consists of one establishment or two establishments;

(2) If the building materials part of the business is a separate establishment, does it qualify for the retail exemption?

(3) If the building materials establishment qualifies for the retail exemption, do the truck drivers employed by the Defendant in that establishment fall within that exemption? and

Finally, if the Act is found to be applicable, whether an injunction should issue.

## ARE THERE TWO ESTABLISHMENTS?

In the southeastern United States it is a common practice for building materials dealers to operate a construction business in conjunction with their retail operations. There are economic advantages that accrue in such an arrangement. Consequently, the Defendant corporation operates in Thomasville, Georgia a building materials business and a general contracting business. Both businesses are owned by the same corporation and Mr. Terrell A. Singletary owns practically all of the stock in the corporation, is President of the corporation, and actively manages the business affairs of the corporation, including both the construction activities and the building materials store. The building located at 413 South Dawson Street, in the city of Thomasville, is devoted entirely to the operation of the building materials business with the exception that Mr. Singletary and one employee of the construction business, an estimator, have an office in this building which is separated from the remainder of the building by a partition and door. The construction business is carried on from the office of Mr. Singletary and the estimator. There is another building which is located some distance from the building used in the building materials business, this other building being referred to as a "truss shed" and this truss shed houses all of the materials and equipment used in the construction business. That building is not used in any way by the building materials business. With but one exception none of the employees of the building materials store do any work for the construction business and none of the employees of the construction business do any work for the building materials store, the one exception being a lady who acts as a bookkeeper for both businesses. It is also noted that a truck driver for the building materials business sweeps up the store and all of the offices in that building each morning, and incident to that he sweeps out the small office space used by the construction business.

All of the business records of the two operations are separate. There are separate time and payroll records for the employees and there are separate sales records. There are separate business licenses, financial reports, balance sheets, and bank accounts. All sales of materials from the building materials store to the construction business are handled in the same fashion as sales to other customers. These sales are invoiced individually and carry the customary profit mark-up. The Georgia retail sales tax is collected on all these sales. All materials which are sold to the construction business are delivered to it and are segregated from all other materials, and

none of these materials are ever returned to the inventory of the building materials business. The construction business pays its accounts with the building materials business just as it pays its accounts with any other creditor.

With the exception of the one bookkeeper heretofore referred to, the employees are employed in a completely separate fashion, there being no interchange of employees between the two operations. The hours of work, the methods of pay, and the fringe benefits of the employees employed by the two businesses are different.

■ In approaching the question whether these two businesses are two separate establishments within the meaning of the Act, we note that the term "establishment" is not defined by the Act although it is frequently used in the Act. Because of the varied factual situations presented, a review of the reported cases dealing with this question is not of significant benefit, although it is noted that in some instances two businesses located in the same building have been considered separate establishments when it was shown that they maintained separate bank accounts, separate income and separate expense statements, and had separate employees. We think it can be fairly said that simply because two business operations have a common ownership and there is a close economic relationship between these separate units, is not sufficient to make the units a single establishment within the meaning of the Act. The Interpretive Bulletin of the Department of Labor explains in Section 779.305 that:

"Two or more departments of a business may constitute a single establishment, two or more physically separated portions of business though located on the same premises, and even under the same roof in some circumstances may constitute more than one establishment for purposes of the exemptions."

This section of the Interpretive Bulletin goes further to set forth the three basic criteria for determining the existence of a separate establishment as being (1) physically separated, (2) functionally operated as a separate unit having separate records and separate bookkeeping, and (3) no interchange of the employees by the units.

■ The Court is of the view that the preponderance of the evidence in this case sustains the contention of the Defendant that the construction business and the building materials store should be regarded as two separate establishments because the evidence clearly indicates that the Defendant actually operates two distinct businesses and there exists the functional distinction of different economic purposes with separate records. There also exists the organizational distinction of different employees with a different labor policy with regard to the different employees, the only interchange being that which involves the bookkeeper. The evidence also shows that there exists a physical separateness as shown by the housing facilities. Everything considered, the Court holds that the building materials business is an establishment separate from the construction business.

## IS THE BUILDING MATERIALS ESTABLISHMENT A RETAIL ESTABLISHMENT WITHIN THE MEANING OF SECTIONS 13(a) (2) AND 3(s) (1) OF THE ACT?

The store in which the Defendant operates its building materials business consists of one main building containing displays for various forms of building materials, tools, etc. There is no warehouse and the entire premises are open to the public. It is a typical store engaged in selling building materials to the general public. The store has between 300 and 400 customer credit accounts and has an average of about 40 cash customers per day. These customers include housewives, contractors, industrial consumers, farmers, government agencies, and anyone who might have need for miscel-

laneous building materials. Materials are sold to all of these customers at the same price and on the same terms. As heretofore noted, the store also sells materials to the construction business operated by the Defendant and these sales are made and treated in the same manner as sales to any other customer. The building materials store does not employ any outside salesmen nor does it employ any person to solicit large commercial business. It does not sell any materials in carload lots. It is a typical retail operation. The total gross business done by the building materials store in each of the years 1964, 1965 and 1966 was less than $500,000.00.

In the building materials industry all sales by such an establishment are considered to be retail sales unless the sale is made for resale, this conclusion being based on pricing and the method of handling and the fact that the customers consume the materials. Stated otherwise, sales to consumers are regarded as retail sales and sales to other dealers are regarded as nonretail sales. With this view in mind the manager of the defendant company testified that his sales records for the three years 1964, 1965 and 1966 showed that more than 90% of the sales made from his building materials establishment during each of those three years were retail sales. There was no evidence to the contrary.

Section 13(a) (2) of the Act provides that " 'retail or service establishment' " shall mean "an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry".

■ When judged by this definition it appears that the Defendant's business is properly classified as a retail establishment and entitled to the exemption.

## THE STATUS OF THE TRUCK DRIVERS

In connection with the operation of the building materials store the Defendant employs sometimes two and sometimes three truck drivers. The primary duties of these employees are to unload shipments of materials for the store and deliver materials to customers of the store. One of their incidental duties is the sweeping of the store each morning, this requiring about 30 minutes of one man's time. These employees perform no construction work and have no duties pertaining to the activities of the construction part of the business except to deliver materials to it. The deliveries which these employees make to the construction business are handled in the same manner as deliveries to any other customer. They simply unload the materials at the construction site. These truck drivers in the course of a day will make between 15 and 20 deliveries of materials to various customers. Of this number deliveries made to construction projects of the defendant corporation range from none on some days to as many as four on other days.

The closest these truck drivers come to performing any service for the construction establishment is sweeping the office used by the construction business in the course of sweeping the entire building each morning.

The Interpretive Bulletin of the Department of Labor seems to cover this matter adequately. In Section 779.354 (C) it is stated that:

"As an enforcement policy, such an employee will not be considered to be engaged in nonexempt activities which render him ineligible for exemption under Section 13(a) (2) if, in the particular workweek, an insubstantial amount of his time (20% or less) is allocable to the clerical, custodial, or messenger services performed by him which relate to such non-exempt operation of the employer."

Obviously, the truck drivers with which we are here concerned spend much less than 20% of their time performing any duty for the construction operation because the only duty they perform for it is the sweeping of the office, and the sweeping of the entire building, of which

the construction office is a small part, requires only 30 minutes of the time of one man each day.

The Court finds it to be clear from the evidence that these truck driver employees who are employed by the retail establishment of the Defendant are within the retail establishment exemption.

Pursuant to the foregoing, the Court concludes that the allegations of the complaint setting forth alleged non-compliance in those areas concerning which there has not been stipulation and agreement by the parties are not sustained by the evidence and judgment will, therefore, be entered for the Defendant with respect to those issues. Counsel will collaborate in preparing and submitting to the Court an appropriate judgment to be entered which will dispose of all issues in this matter.