400 F.2d 882
 3 A.L.R.Fed. 670
 Sidney L. IRWIN, Ray Lester Long, Sherrill Long, Alan Duane
Luther, Melvin Long, Wayne King and Harry Edward
Allen, Appellants,
v.
Bob CLARK, d/b/a Oilfield Vacuum Service, Appellee.
 No. 22042.
 United States Court of Appeals Ninth Circuit.
 Sept. 11, 1968, Certiorari Denied Jan. 27, 1969, See 89 S.Ct. 715.
 
 1
 Thomas R. Davis (argued), of DiGiorgio, Davis, Nairn, Hastin & Klein, Bakersfield, Cal., for appellants.
 
 
 2
 Wm. A. Quinlan (argued), of Doty, Quinlan & Kershaw, Fresno, Cal., for appellee.
 
 
 3
 Before ELY and CARTER, Circuit Judges, and SMITH,* District Judge.
 
 
 4
 RUSSELL E. SMITH, District Judge.
 
 
 5
 We have for review a judgment of the district court denying in large part plaintiffs' claims for compensation under the Fair Labor Standards Act. The dispute involves the question of whether waiting time for which the plaintiffs were not paid, is working time which must be compensated.
 
 
 6
 The findings of the district court are not attacked on this appeal as being without support in the evidence. From them it appears: Defendant was engaged in the oil field servicing business. Plaintiffs were employed as truck drivers. Defendant's business was somewhat sporadic and the truck drivers were paid only when their serices were utilized. They were on call twenty-four hours per day and seven days per week, but were not, as a condition of their employment, required to report at any given time, or remain for any stated period on the employer's premises. They were required to leave a telephone number where they could be called in the event that they were needed. Many of the plaintiffs frequently came to defendant's place of business between seven and eight o'clock A.M. voluntarily and without being called. Often if there was no work to be done at the time of reporting, they would wait for some period on the employer's premises on the chance that a work order would come in and that their services would be needed. While thus waiting, the plaintiffs performed no services for the employer, but the men who were on the premises and immediately available were the ones who received the most work. On this appeal plaintiffs do not contend that they would have been fired had they not reported and waited as they did. The trial court concluded as a matter of fact and law that the plaintiffs were not 'hired to wait' but were 'waiting to be hired'.
 
 
 7
 Plaintiffs do not complain of a lack of evidence to support these findings, but rather contend that the men reported and waited as they did because of the likelihood of a better pay check. Plaintiffs conclude from this that the waiting was not voluntary as a matter of law. In short, it is plaintiffs' position that if there is any economic reward for waiting, that the waiting must be compensated. With this we do not agree.
 
 
 8
 Waiting time may be working time,[1] but whether so is a question of fact to be resolved by appropriate findings of the district court in light of all the circumstances.[2] From the Skidmore case it is clear that economic compulsion is not a controlling factor. In that case the firemen were required, as a condition of their employment agreement, to stay in or close to the fire hall. Presumably they would not be hired were they unwilling to do so. Even where the employment itself, and not just the amount of the emolument, depended upon waiting, the Supreme Court did not direct a judgment for the complaining firemen, but remanded the case for further proceedings. Implicit in the opinion of the Supreme Court is the idea that the district court might as a matter of fact find that the waiting time (compelled as it was) was not working time, so long as the district court disabused itself of the erroneous notion that waiting time could not be working time.
 
 
 9
 The element of economic compulsion may very well be one which a district court would find to be an important circumstance in the solution of some waiting time-- working time problems but it is not as a matter of law a controlling factor.
 
 
 10
 When we view the findings of the district court as findings of fact, we cannot say that the court was in error in not allowing the matter of economic compulsion to control them. This is particularly so on this record which does not show how much work plaintiffs might have lost had they not waited. For all that the record shows, the economic compulsion may have been minimal. The result reached by the district court was in accord with the interpretive bulletins issued by the Wage and Hour Administrator.[3] Such interpretations are entitled to respect.[4]
 
 
 11
 The judgment is affirmed.
 
 
 
 *
 Hon. Russell E. Smith, United States District Judge, District of Montana, sitting by designation
 
 
 [1]
 Armour & Co. v. Wantock, 323 U.S. 126, 65 S.Ct. 165, 89 L.Ed. 118 (1944)
 
 
 [2]
 'For reasons set forth in the Armour case decided herewith we hold that no principle of law found either in the statute or in Court decisions precludes waiting time from also being working time. We have not attempted to, and we cannot, lay down a legal formula to resolve cases so varied in their facts as are the many situations in which employment involves waiting time. Whether in a concrete case such time falls within or without the Act is a question of fact to be resolved by appropriate findings of the trial court. Walling v. Jacksonville Paper Co., 317 U.S. 564, 572 (63 S.Ct. 332, 87 L.Ed 460). This involves scrutiny and construction of the agreements between the particular parties, appraisal of their practical construction of the working agreement by conduct, consideration of the nature of the service, and its relation to the waiting time, and all of the surrounding circumstances. Facts may show that the employee was engage to wait, or they may show that he waited to be engaged. His compensation may cover both waiting and task, or only performance of the task itself. Living quarters may in some situations be furnished as a facility of the task and in another as a part of its compensation. The law does not impose an arrangement upon the parties. It imposes upon the courts the task of finding what the arrangement was.' Skidmore v. Swift & Co., 323 U.S. 134, 136-137, 65 S.Ct. 161, 163, 89 L.Ed. 124
 
 
 [3]
 'An employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while 'on call'. An employee who is not required to remain on the employer's premises but is merely required to leave word at his home or with company officials where he may be reached is not working while on call.'
 'Idle time, waiting to resume work during the work day, may be excluded from working time. Waiting time would be considered off duty time and not part of the employee's hours of work if he is completely relieved of all duty and responsibilities and is permitted to leave the job and go where he pleases.' 29 C.F.R. Ch. V, 785.17.
 
 
 [4]
 Skidmore v. Swift & Co., fn. 2, supra; Dumas v. King, 157 F.2d 463 (8 Cir.1946); Gordon v. Paducah Ice Mfg. Co., 42 F.Supp. 980 (W.D.Ky.1941); Thompson v. Daugherty, 40 F.Supp. 279 (D.Md.1941)