John R. SCHUSSLER et al., Plaintiffs,

v.

EMPLOYMENT CONSULTANTS, INC., Defendants.

71 C 1612.

United States District Court, N. D. Illinois, E. D.

Nov. 22, 1971.

**1388**

Gierach & Dunn, Oak Lawn, Ill., for plaintiffs.

Walker & Feikema, Lansing, Ill., for defendants.

## MEMORANDUM OPINION

WILL, District Judge.

The plaintiffs have brought this action against the defendant under the provisions of the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 201 *et seq.*, alleging that they were entitled to a specified minimum wage as provided under Section 6(a) (1) of that Act, 29 U.S.C. § 206(a) (1), and that they were not paid it in violation of the Act. The defendant is an employment agency and the plaintiffs were hired in the capacity of employment counsellors whose regular duties were to attempt to secure employees or employment for clients of the agency. The defendant has moved for summary judgment based upon Section 13(a) (2) of the Act, 29 U.S.C. § 213(a) (2), which creates exemption from the coverage of the Act for certain types of employers.

The defendant asserts that it is not covered within the purview of the Act because its income and the substantial intrastate nature of its business meet the statutory qualifications for exemption as set forth in Section 13(a) (2). This section, therefore, must be the starting point for our resolution of the defendant's motion.

Section 13(a) (2) of the Act, 29 U.S.C. § 213(a) (2), provides in part:

The provision of sections 6 and 7 of this Act [relating to minimum wages and maximum hours] shall not apply with respect to—

* * * (2) any employee employed by any retail or service establishment * * *, if more than

50 per centum of such establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located, and * * * such establishment has an annual dollar volume of sales which is less than $250,000 * * *. A "retail or service establishment" shall mean an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or both) is not for resale and is recognized as retail sales or services in the particular industry * * *.

It is apparent from the foregoing that a basic prerequisite must first be met for an establishment to be exempted from the Act. This initial hurdle which must be satisfied is that the establishment must be a "retail or service establishment," i. e., it must be involved in sales in which a concept of retail selling or servicing exists. This requirement recognizes that certain goods and services can never be sold at retail. *See, e. g.,* Idaho Sheet Metal Works, Inc. v. Wirtz, 383 U.S. 190, 202, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966).

The Department of Labor, Wage and Hour Division, has promulgated an interpretative bulletin under the Act, 29 C.F.R. § 779.0 *et seq.*, which discusses somewhat at length the requirement that, irrespective of its meeting the other statutory prerequisites, an establishment's sales or services must contain a concept of being retail before it may be exempted under § 13(a) (2) from the minimum hour schedule contained in Section 6. Because of our agreement with the bulletin's reading of prevailing case law, we quote 29 C.F.R. § 779.316 in its entirety:

The term "retail" is alien to some businesses or operations. For example, transactions of an insurance company are not ordinarily thought of as retail transactions. The same is true of an electric power company selling electrical energy to private consumers. As to establishments of such businesses, therefore, a concept of retail selling or servicing does not exist. That it was the intent of Congress to exclude such businesses from the term "retail or service establishment" is clearly demonstrated by the legislative history of the 1949 amendments and by judicial construction given said term both before and after the 1949 amendments. It also should be noted from the judicial pronouncements that a "retail concept" cannot be artificially created in an industry in which there is no traditional concept of retail selling or servicing. (95 Cong. Rec. pp. 1115, 1116, 12502, 12506, 12510, 14877, and 14889; Mitchell v. Kentucky Finance Co., 359 U.S. 290 [79 S.Ct. 756, 3 L.Ed.2d 815]; Phillips Co. v. Walling, 324 U.S. 490 [65 S.Ct. 807, 89 L.Ed. 1095]; Kirschbaum Co. v. Walling, 316 U.S. 517 [62 S.Ct. 1116, 86 L.Ed. 1638]; Durkin v. Joyce Agency, Inc., 110 F.Supp. 918 (N.D.Ill.) affirmed sub nom. Mitchell v. Joyce Agency, Inc., 348 U.S. 945 [75 S.Ct. 436, 99 L.Ed. 740]; Goldberg v. Roberts, 291 F.2d 532 (CA–9); Wirtz v. Idaho Sheet Metal Works, 335 F.2d 952 (CA–9), affirmed in 383 U.S. 190 [86 S.Ct. 737, 15 L.Ed.2d 694]; Telephone Answering Service v. Goldberg, 290 F.2d 529 (CA–1)). It is plain, therefore, that the term "retail or service establishment" as used in the Act does not encompass establishments in industries lacking a "retail concept." Such establishments not having been traditionally regarded as retail or service establishments cannot under any circumstances qualify as a "retail or service establishment" within the statutory definition. Industry usage of the term "retail" is not in itself controlling in determining when business transactions are retail sales under the Act. Judicial authority is quite clear that there are certain goods and services which can never be sold at retail. (Idaho Sheet Metal Works, Inc. v. Wirtz, 383 U.S. 190, 202 [86 S.Ct. 737, 15 L.Ed.2d 694], rehearing denied 383 U.S. 963 [86 S.Ct. 1219, 16 L.Ed.2d 305];

Wirtz v. Steepleton General Tire Company, Inc., 383 U.S. 190, 202 [86 S.Ct. 737, 15 L.Ed.2d 694, rehearing denied 383 U.S. 963, 86 S.Ct. 1219, 16 L.Ed. 2d 305].)

■■ A threshhold question presented by the defendant's motion for summary judgment, therefore, is whether an employment agency is an establishment to which the retail concept can apply. We note in this regard that an employer generally has the burden of proof in showing that it comes within an exemption under Section 13 of the Act, Idaho Sheet Metal Workers v. Wirtz, *supra*; Schultz v. Louisiana Trailer Sales, Inc., 428 F.2d 61, 67 (5th Cir. 1970). It is also clear that the exemption provisions under the Act are to be narrowly construed against those seeking to assert them. Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392, 80 S.Ct. 453, 4 L.Ed. 2d 393 (1960); Shell v. Quality Mobile Home Brokers, Inc., 424 F.2d 233, 235 (4th Cir. 1970).

■ The research of the parties as well as our own indicates that apparently only one other court has ever considered whether employment agencies fall under the exemption of Section 13(a) (2). In Yunker v. Abbye Employment Agency, Inc., 32 N.Y.S.2d 715 (N.Y.C. Mun.Ct. 1941), the court was dealing with Section 13(a) (2) as it was then written. Before reaching the statutory exemption criteria (which were different than those in the current statute), the court first considered whether an employment agency was a "retail or service establishment," the same prefatory language as used in the current Section 13(a) (2). The court concluded that employment agencies possess none of the characteristics of establishments exempted under the Act and could not be classified as "retail or service establishments." Accordingly, the court never reached the question of whether the defendant met the other statutory requirements for exemption. We agree with the conclusion that employment agencies are not "retail or service establishments" under Section 13(a) (2).

■ As discussed in the lengthy quote from the Department of Labor's interpretative bulletin, a retail concept cannot be artificially created in an industry in which there is no traditional concept of retail selling or servicing. The mere fact that the establishment provides a "service" is not of itself enough to meet the qualifications for an exemption, for almost all businesses render some form of service. Judicial and administrative pronouncements, as well as the legislative history of the Act, indicate that the types of "retail" service establishments covered by the Act are businesses such as barber shops, beauty parlors, shoe shining parlors, clothes pressing shops, laundries, and automobile, T.V., etc. repair shops. These types of establishments provide their services almost exclusively to the individual consumer and do not render any service to private industry. They are truly retail purveyors of services. As has been noted in other judicial authority, *see, e. g.*, Fleming v. Hawkeye Pearl Button Co., 113 F.2d 52 (8th Cir. 1940), drawing a line between businesses wherein a retail concept exists and those wherein none exists is sometimes difficult. But we have no difficulty in concluding that an employment agency, which has as its primary goal either locating employees for private companies or finding jobs in private companies for persons seeking employment does not involve what is customarily considered a retail service. The defendant is not, therefore, a "retail or service establishment" within the meaning of the exemption created in Section 13(a) (2) of the Act.

■ Another reason exists why we conclude that the defendant is not entitled to the exemption of Section 13(a) (2). As part of the interpretive bulletin quoted above, the Administrator of the Wage and Hour Division of the Department of Labor has given a partial list of establishments to which the retail

concept does not apply. 29 C.F.R. § 779.317. Included within that list are employment agencies. We recognize, as does the interpretive bulletin itself, *see* 29 C.F.R. § 779.8, that the interpretations of the bulletin are not binding upon the courts. The bulletin does, however, carry a strong degree of persuasiveness as an expression of view of those experienced in administering the Act and who work with the advice of a staff specialized in its interpretation and application. Foremost Dairies, Inc. v. Wirtz, 381 F.2d 653 (5th Cir. 1967), cert. denied sub nom. Home Town Foods, Inc. v. Wirtz, 390 U.S. 946, 88 S.Ct. 1031, 19 L.Ed.2d 1134 (1968). Their interpretations of the Act are entitled to respect by the courts, Irwin v. Clark, 400 F.2d 882 (9th Cir. 1968), cert. denied, 393 U.S. 1062, 89 S.Ct. 715, 21 L.Ed.2d 706 (1969), and may be considered as a body of experience and informed judgment to which the courts may properly look for guidance, with the weight of the Administrator's judgment depending upon the thoroughness evident in the interpretation's consideration, the validity of its reasoning, its consistency, and all factors giving it power to persuade. Mitchell v. Trade Winds Co., 289 F.2d 278 (5th Cir. 1961). A review of the considerations taken into account by the Administrator in determining to which establishments the retail concept does not apply and which establishments may be recognized as retail, *see* 29 C.F.R. §§ 779.312–779.321, leads us to conclude that the Administrator has carefully considered all relevant issues and that his judgment, at least as applies to the case presently before the Court, should be upheld. Accordingly, in addition to our discussion of and agreement with *Yunker, supra,* we conclude, on the basis of the interpretative bulletin in question, that the de-fendant does not fall within the exemption created by Section 13(a) (2) of the Act for "retail or service establishments" and that its motion for summary judgment must be denied.

■ Even were we to conclude that employment agencies do embody a retail concept, another impediment exists to granting defendant's motion. Section 13 (a) (2) requires that the "retail or service establishment" must have at least 75 per cent of its annual dollar volume derived from sales of goods or services *which are recognized as retail sales or services in the particular industry.* The defendant has presented the Court with nothing to indicate that its sales of services are recognized in the industry as *retail* sales of services. For this reason alone, the motion for summary judgment would have to be denied.

The plaintiffs ask the Court to deny the defendant's motion and, in passing, seem to invite the Court to grant judgment in their favor (although they have not specifically moved for summary judgment). It seems obvious that we may not properly grant judgment for the plaintiffs at this time. The issue of whether an establishment is exempt under Section 13(a) (2) is completely separate and apart from the equally important issue of whether a particular employee is covered under Section 6. The applicability of Section 6 depends on the nature of the employment of the individual employee whereas the exemption of Section 13(a) (2) depends upon the nature of the business conducted by the employer. Our conclusion here is only that the nature of the business of the employer does not qualify it for exemption under Section 13(a) (2).

An appropriate order will enter denying the defendant's motion for summary judgment.