Willard REID, Plaintiff,

v.

**TEUTONIA WINE AND LIQUOR MART, INC., also d/b/a Capitol Wine and Liquor, and Lawrence Castiglione, Defendants.**

Civ. A. No. 72–C–433.

United States District Court,
E. D. Wisconsin.

May 2, 1975.

Wayne Van Ert, Milwaukee, Wis., for plaintiff.

John P. Hayes, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Plaintiff Willard Reid commenced this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b), for unpaid overtime compensation claimed to be due and owing from the defendant. Jurisdiction is based on § 16(b) of the Fair Labor Standards Act and 28 U.S.C. § 1337.[1] The parties have stipulated to all the material facts and have filed cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons herein stated, plaintiff's motion for summary judgment is denied and defendants' motion for summary judgment is granted.

## I.

Plaintiff Willard Reid is a former employee of Teutonia Wine and Liquor Mart, Inc. Defendant Teutonia Wine and Liquor Mart, Inc., is a Wisconsin corporation which operates two liquor stores in the City of Milwaukee, the Capitol Wine and Liquor Mart located at 4426 West Capitol Drive and the Teutonia Wine and Liquor Mart located at 2332 West Capitol Drive. Defendant Lawrence Castiglione is the president and operating manager of the defendant corporation. From October 7, 1967 to June 29, 1972, plaintiff was employed at the Capitol Wine and Liquor Mart which is defendants' store located at 4426 West Capitol Drive. During the entire period of his employment, plaintiff worked in excess of forty hours a week. This action was commenced on July 28, 1972. Section Six of the Portal-to-Portal Act of 1947 (29 U.S.C. § 255) bars any claims existing two years prior to the commencement of an action. Therefore, the parties have agreed that the plaintiff, if he were entitled to relief, would have a cause of action limited to the period of July 28, 1970 through June 27, 1972, at which time plaintiff's employment was terminated.

## II.

Section 216(b) of 29 U.S.C., upon which this action is based, provides in part:

"(b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and

---

1. Section 1337, 28 U.S.C., provided that [t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." The Fair Labor Standards Act is based on the interstate commerce power of Congress and therefore suits under it fall within the provisions of 28 U.S.C. § 1337. Williams v. Jacksonville Terminal Co., 315 U.S. 386, 62 S.Ct. 659, 86 L.Ed. 914 (1941); Olson v. Rembrandt Printing Co., 375 F.Supp. 413 (E.D.Mo.1974).

other employees similarly situated. * * *"

Section 207, referred to in § 216(b) and having to do with "maximum hours," states in part:

"(a)(1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is *engaged in commerce* or in the production of goods for commerce, or is *employed in an enterprise engaged in commerce* or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." (Emphasis added.)

It is undisputed that plaintiff worked in excess of forty hours per week during his employment and did not receive time and a half for the hours in excess of forty.

 First, plaintiff contends that he is covered by the Act because he was an employee "engaged in commerce" within the meaning of 29 U.S.C. § 207(a)(1) during the period of his employment.[2] In determining whether an employee is "engaged in commerce," it is the nature of the activities of the employee, rather than the general character of the employer's business, which is controlling. Mitchell v. H. B. Zachry Co., 362 U.S. 310, 80 S.Ct. 739, 4 L.Ed. 2d 753 (1960); Mitchell v. Lublin, Mc-Gaughy & Associates, 358 U.S. 207, 79 S.Ct. 260, 3 L.Ed.2d 243 (1959). One is engaged in commerce only if his activities are " 'so closely related to such commerce as to be in practice and in legal contemplation a part of it.' " Wirtz v. Wohl Shoe Company, 382 F.2d 848, 850 (5th Cir. 1967). The test is whether the employee's work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be a part of it, rather than isolated local activity. Beneficial Finance of Wisconsin v. Wirtz, 346 F.2d 340 (7th Cir. 1965). During the entire period of his employment, plaintiff was manager of defendant's Capitol Wine and Liquor Mart and his duties included: (1) the opening and closing of the store, (2) retail sale of merchandise, (3) supervising the cash register, including balancing the cash each day, and (4) ordering and controlling the inventory. None of these activities have the required nexus with interstate commerce as required in the test laid down by the Seventh Circuit in *Beneficial Finance*, supra, and, consequently, Mr. Reid cannot be said to be an employee "engaged in commerce."

### III.

Even if he was not engaged in commerce as defined by the Act, plaintiff contends that the two retail stores of the defendant corporation constitute an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(r) and (s).[3]

2. Section 203(b), 29 U.S.C., defines "commerce" as follows:
 "(b) 'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."

3. Section 203(r), 29 U.S.C., provides in part:
 "(r) 'Enterprise' means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units * * *."

Section 203(s), 29 U.S.C., provides in part:
 "(s) 'Enterprise engaged in commerce or in the production of goods for commerce' means an enterprise which has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and which—
 "(1) * * * beginning February 1, 1969, is an enterprise whose annual gross volume of sales made or business done is not less than $250,000 (exclusive of excise taxes at the retail level which are separately stated) ; * * *."

Therefore, plaintiff asserts that he is covered by 29 U.S.C. § 207(a)(1) because he was "employed in an enterprise engaged in commerce." Defendants concede for purposes of the cross-motions for summary judgment that their business constitutes "an enterprise engaged in commerce" and that plaintiff would be covered by the Act and entitled to summary judgment except for certain exemptions granted by the Act.

### IV.

The Fair Labor Standards Act exempts from its provisions employees of retail or service establishments where such establishments meet the requirements of § 13(a)·(2) of the Act, as amended, 29 U.S.C. § 213(a)(2). The initial question presented by defendants' claim of an exemption under § 213(a)(2) is whether the store where plaintiff worked, the Capitol Wine and Liquor Mart, was a separate retail establishment.

■ The term "establishment" is not specifically defined by the Act. However, the term has been defined by the Secretary of Labor in an Interpretive Bulletin, 29 C.F.R. § 779.23 (1974):

"As used in the Act, the term 'establishment' * * * refers to a 'distinct physical place of business' rather than to 'an entire business or enterprise' which may include several separate places of business. This is consistent with the meaning of the term as it is normally used in business and in government, is judicially settled, and has been recognized in the Congress in the course of enactment of amendatory legislation (Phillips v. Walling, 324 U.S. 490 [65 S.Ct. 807,

89 L.Ed. 1095]; Mitchell v. Bekins Van & Storage Co., 352 U.S. 1027 [77 S.Ct. 593, 1 L.Ed.2d 589]; 95 Cong. Rec. 12505, 12579, 14877; H. Rept. No. 1453, 81st Cong., 1st Sess., p. 25).
* * * * "

Such interpretive bulletins are to be regarded by the court with a "strong degree of persuasiveness." Schussler v. Employment Consultants, Inc., 333 F. Supp. 1387 (N.D.Ill.1971); Durkin v. Joyce Agency, Inc., 211 F.2d 241 (7th Cir. 1954), rev'd on other grounds, 348 U.S. 945, 75 S.Ct. 436, 99 L.Ed. 740 (1955). Further, this definition is supported by substantial authority.[4]

■ The two retail stores operated by defendants have separate and distinct physical locations. They maintain separate books and records, separate sales and income tax numbers, and separate banking and checking accounts, and the employees of each store are paid from the separate accounts. Consequently, each of defendants' two retail liquor stores was a retail establishment within the meaning of § 213(a)(2).

The specific exemption claimed by defendants is found at 29 U.S.C. § 213(a)(2). At the time in question,[5] § 213(a)(2) provided:

"(a) The provisions of * * * section 207 of this title shall not apply with respect to—

* * *

"(2) any employee employed by any retail or service establishment * * * if more than 50 per centum of such establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located, and such es-

4. The physical identity concept has been consistently adhered to: Shultz v. Adair's Cafeterias, Inc., 420 F.2d 390 (10th Cir. 1969), citing, A. H. Phillips, Inc. v. Walling, 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095 (1945). See also, Mitchell v. Gammill, 245 F.2d 207 (5th Cir. 1957); Hammonds v. J. W. Broom & Sons, 195 F.Supp. 504 (D.N.C.1961); McComb v. Wyandotte Furniture Co., 169 F.2d 766 (8th Cir. 1948); Mitchell v. Bekins Van & Storage Co., 352 U.S. 1027, 77 S.Ct. 593, 1 L.Ed.2d 589 (1957). In

Wirtz v. Modern Builders, Inc., 288 F.Supp. 338 (M.D.Ga.1968), it was held that the fact that two business operations had common ownership and a close economic relationship between the units was insufficient to make the units a single establishment.

5. Pub.L. 93–259, § 8(a) substituted "$225,000" for "$250,000" effective January 1, 1975. Therefore, the Act at the time in question read "$250,000" and not "$225,000."

tablishment is not in an enterprise described in section 203(s) of this title *or* such establishment has an annual dollar volume of sales which is less than $250,000 (exclusive of excise taxes at the retail level which are separately stated). A 'retail or service establishment' shall mean an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry; or * * *" (Emphasis added.)

Because the plaintiff was employed by a "retail establishment," defendant is entitled to the exemption and summary judgment if the other criteria of § 213(a)(2) are met.

The parties have stipulated that (1) in excess of 50% of all sales at each store were made within the State of Wisconsin; therefore, Capitol Wine and Liquor Mart meets this requirement; (2) the annual dollar volume of sales for the Teutonia Wine and Liquor Mart located at 2232 West Capitol Drive were in excess of $250,000; (3) the annual dollar volume of sales for the Capitol Wine and Liquor Mart, where plaintiff worked, was less than $250,000 per year; and (4) 75% of the annual dollar volume of sales of goods at both stores were not for resale and were recognized as retail sales in the liquor industry.

All that is required to qualify for the exemption is that the retail establishment have more than 50% intrastate sales, less than $250,000 of annual sales, and 75% retail sales.

From the facts to which the parties have stipulated, the Capitol Wine and Liquor Mart qualifies for the exemption under 29 U.S.C. § 213(a)(2), and defendants are entitled to summary judgment.

For the reasons stated above,

It is ordered that plaintiff's motion for summary judgment be and it hereby is denied.

It is further ordered that defendants' motion for summary judgment be and it hereby is granted.